# IN THE COURT OF APPEALS OF IOWA

No. 20-1443
Filed January 21, 2021

**IN THE INTEREST OF L.D.,**
**Minor Child,**

**M.W., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Deborah L. Johnson of Deborah L. Johnson Law Office, P.C., Altoona, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Erin E. Romar of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., Ahlers, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2019, pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2020).[1] She challenges the sufficiency of the evidence supporting the grounds for termination, argues termination is contrary to the child's best interests, and requests a six-month extension to work toward reunification.

## I.      Background

The mother has had her parental rights terminated to three other children, two in 2017 and one in 2019, due to the mother's low mental functioning and resulting inability to provide proper care for children. This child in interest was born in August 2019, shortly after which the State filed a child-in-need-of-assistance (CINA) petition given the mother's continued deficiencies. The mother was homeless at the time. The court entered an order for temporary removal upon the mother's consent. The child was ultimately placed in a foster home, where she has remained throughout the proceedings. Following a hearing, the court confirmed removal. The court entered a CINA adjudication in September. Removal was continued following a dispositional hearing in November.

As a result of the mother's failure to address her mental-health issues, the State petitioned for termination of the mother's parental rights in early February 2020. A termination hearing was scheduled to occur in March, but it was continued to August due to the COVID-19 pandemic. In late February, the mother began participating in mental-health therapy. She was generally inconsistent in

---

[1] The parental rights of the child's legal father and any putative father were also terminated. No father appeals.

participating in her therapy for the first month. The mother began participating more consistently, attending twice weekly, after a stern conversation with her therapist. The therapy has focused on the mother dealing with her past trauma, developing parenting skills, accepting responsibility, handling stress, and becoming financially independent. The mother continued to consistently participate in therapy until the time of the termination hearing held over two days in August and September.[2]

In her testimony at the termination hearing, the mother agreed she was inconsistent in attending visits with the child. The record shows the mother only utilized about half of her opportunities for visitation. And the mother never progressed beyond fully-supervised visitation. While the mother had housing, she agreed her residence had "some safety-related concerns."

As noted, the court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (g), and (h). The mother appeals.

## II.      Standard of Review

Appellate review of orders terminating parental rights is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

---

[2] Some meetings were missed in August due to the mother's therapist being hospitalized with COVID-19.

### III. Analysis

#### A. Sufficiency of the Evidence

The mother challenges the sufficiency of the evidence supporting the statutory grounds for termination. "[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We choose to focus on Iowa Code section 232.116(1)(h). As to that section, the mother only challenges the State's establishment of the final element—that the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

Upon our de novo review of the record, we agree with the juvenile court that the child could not be returned to the mother's care at the time of the termination hearing. While the mother responded to the State's termination petition with finally engaging in therapy aimed at resolving her mental-health issues, her participation in the same for a few months was not enough to overcome the mother's long history of trauma in her life and resulting cognitive issues. The therapist testified the child could only be returned to the mother's care if accompanied by the ongoing provision of extensive services. And the mother had yet to display her ability to properly care for the child, as she never progressed beyond fully-supervised visits as a result of her lack of attendance at visits. We find the evidence sufficient to support termination under section 232.116(1)(h).

B.       Best Interests and Statutory Exception

The mother claims termination is contrary to the child's best interests and would be detrimental to the child given the closeness of the parent-child bond.  In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).

The mother has simply not progressed to a point at which the child can be returned to her care.  While the mother began participating in mental-health treatment, she inappropriately waited until the eve of termination to begin taking any fruitful steps to address her mental-health issues, which is too late.  *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child."  *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)).  We conclude the mother has been given ample time to get her affairs in order and this child's best interests are best served by providing permanency and stability now.  *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))).  We conclude termination is in the child's best interests.

To the extent the mother requests the application of the statutory exception to termination contained in Iowa Code section 232.116(3)(c), we conclude she failed to meet her burden to show "that the termination would be detrimental to the

child . . . due to the closeness of the parent-child relationship," especially given the child's young age and removal from the mother for most of her short life. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting parent bears burden to establish an exception to termination).

C.      Additional Time

The mother requests a six-month extension to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a CINA, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."

The mother argues the child will suffer no additional harm if permanency is delayed an additional six months. To support her argument, the mother cites our decision *In re K.M.*, where we granted an extension on the basis that a delay would not result in additional harm to a child. No. 16-0795, 2016 WL 4379375, at *9 (Iowa Ct. App. Aug. 17, 2016). But there, we were able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal . . . will no longer exist at the end of the additional six-month extension." *See id.* at *8–9 (quoting Iowa Code § 232.104(2)(b)). We are unable to do so here, so we conclude an extension is not warranted.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**